**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2258
_____

MARCEL GREEN,
                        Appellant

v.

IRVINGTON POLICE DEPARTMENT; DET. JEANNOT BRECHNER; DET.
JENKINS CHRISTOPHER; JOHN DOE 1-100
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-16-cv-09435)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 10, 2018
Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 15, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Marcel Green, proceeding pro se and in forma pauperis, appeals the District Court's sua sponte dismissal of his civil rights action for failure to state a claim. We will affirm.

I.

In his complaint, Green appeared to allege that a state court judge, the Irvington Police Department, and several detectives were responsible for constitutional violations of some sort. The complaint referenced officer misconduct, an unlawful search, and false statements being made by law enforcement officials to obtain a warrant and indictment. The District Court dismissed the complaint, pursuant to Federal Rule of Civil Procedure 8(a)(2)-(3) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). It found Green's claims to be unclear, and gave him 30 days to file an amended complaint. Rather than amending his complaint, Green filed a timely notice of appeal.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we review the dismissal of a complaint under Federal Rule of Civil Procedure 8 for abuse of discretion.[1] See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). To the extent that the

---

[1] As noted, the District Court allowed Appellant 30 days to file an amended complaint. Appellant, instead, filed a timely notice of appeal. This could have created a potential jurisdictional defect pursuant to Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976) (per curiam). An order that "dismisses a complaint without prejudice is neither final nor appealable" under 28 U.S.C. § 1291. Borelli, 532 F.2d at 951. However, when the District Court has provided a set amount of time within which to amend, and the plaintiff fails to do so but files a notice of appeal, we understand the plaintiff to have elected to

2

District Court determined that Green's complaint failed to state a claim under the standard articulated in <u>Iqbal</u>, our review is de novo. <u>See</u> <u>Allah v. Seiverling</u>, 229 F.3d 220, 223 (3d Cir. 2000) (explaining that when dismissing complaints for failure to state a claim under § 1915(e)(2)(B)(ii), the standard of review is the same as under Fed. R. Civ. P. 12(b)(6)). Under the <u>Iqbal</u> standard, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Although pro se pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers," <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), "pro se litigants still must allege sufficient facts in their complaints to support a claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013).

The District Court did not abuse its discretion in requiring Green to provide "a short and plain statement of the claim showing that [he] is entitled to relief," as required by Federal Rule of Civil Procedure 8(a). Indeed, Green's claims were broad, lacked sufficient detail, and, at times, included incoherent factual statements. <u>See</u> <u>In re Westinghouse Sec. Litig.</u>, 90 F.3d at 702. It is very difficult to understand from Green's complaint what exactly transpired, except that he was unhappy with a search warrant and believed that defendants gave false statements to secure it. It does seem clear that the search warrant was for someone else's property. Also, there is a suggestion in the

stand on his complaint. <u>See</u> <u>Batoff v. State Farm Ins. Co.</u>, 977 F.2d 848, 851 n.5 (3d Cir. 1992); <u>see also</u> <u>Frederico v. Home Depot</u>, 507 F.3d 188, 193 (3d Cir. 2007).

3

complaint that Green's children's mental health was somehow harmed by witnessing the search. Besides these few allegations, Green failed to develop coherent claims and did not include any concrete details as to the incident in question. The District Court was justified in seeking more detail.

To the extent that we can discern claims in the complaint, those claims were meritless as presented to the District Court — and, of course, Green declined the opportunity to amend his Complaint to correct the deficiencies identified by the District Court. The complaint refers to a state court judge, but such a defendant would be protected by judicial immunity for acts taken in that role. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (explaining that judges are immune from suit except when the challenged action is taken in a nonjudicial capacity or when a judicial action is taken in the complete absence of all jurisdiction). We note, too, that Green would likely not have standing to challenge the search of someone else's home. FSee, e.g., Rakas v. Illinois, 439 U.S. 128, 134 (1978). For these reasons, and others, the District Court did not err in rejecting the claims it could perceive in Green's complaint.

Although the District Court allowed Green to amend his complaint, he failed to take advantage of the opportunity. See Alston v. Parker, 363 F.3d 229, 235-36 (3d Cir. 2004). Thus, the District Court's decision must stand. See In re Westinghouse Sec. Litig., 90 F.3d at 704 ("dismissal with prejudice that followed plaintiffs' decision not to amend was not an abuse of discretion").

Accordingly, we will affirm the District Court's dismissal of Green's complaint.

4